

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MISTY MCGUFFIE,                 ]
                                ]
    Plaintiff(s),               ]
                                ]
vs.                             ] CV-02-CO-01595-S
                                ]
TRADER PUBLISHING COMPANY,      ]
                                ]
    Defendant(s).               ]

MEMORANDUM OF OPINION

This cause is presently before the court for consideration of defendant's motion for summary judgment. [Doc. 23]. The motion has been fully briefed and is ready for consideration. Upon due consideration and for the reasons set out below, the motion will be DENIED.

I.   Standard of Review.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial



responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d

1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

II.     Discussion.

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). Ms. McGuffie has abandoned all claims except her Title VII claim for hostile work environment against her employer. Doc. 27, p. 1. "Sexual harassment can constitute discrimination based on sex for purposes of Title VII." *Johnson v. Booker T. Wash. Broadcasting Service*, 234 F.3d 501, 508 (11th Cir. 2000). This occurs when the harassment alters the terms or conditions of employment. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999).

To establish a prima facie case of sexual harassment by a supervisor, the plaintiff must show: (1) she belongs to a protected class; (2) she has been subjected to unwelcome sexual harassment; (3) the conduct must have been based on the sex of the employee; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and

3

create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable. *Johnson,* 234 F.3d at 508. Ms. McGuffie has presented evidence from which a jury could conclude that her supervisor, Ky Gregory, verbally harassed her and cut her bonuses because she refused to resume a sexual relationship with him.

Trader claims it is entitled to summary judgment because Ms. McGuffie cannot show she was harassed because of sex and she cannot show the alleged harassment was sufficiently severe and pervasive to alter the terms and conditions of her employment. Doc. 23, pp. 7, 9-11. Trader also argues that Ms. McGuffie cannot show Trader is liable for the harassment. Doc. 23, pp. 4, 14, 17.

Trader claims Ms. McGuffie cannot show Ky Gregory harassed her because of her sex since she and Gregory had a prior relationship. *See, Pipkins v. City of Temple Terrace, Florida,* 267 F.3d 1197, 1200-01 (11th Cir. 2001) (Where a supervisor harasses an employee because of feelings of enmity toward the employee following the breakdown of an intimate relationship, the motivation for harassment is not sex, but personal animosity). And see *Succar v. Dade County School Board,* 229 F.3d 1343,

4

1344-45 (11th Cir. 2000). "The plaintiff cannot turn a personal feud into a sex discrimination case. . . ." *Pipkins*, 267 F.3d at 1201; *Succar*, 229 F.3d 1343, 1344-45 (11th Cir. 2000) (quoting *McCollum v. Bolger*, 794 F.2d 602, 610 (11th Cir. 1986)). However, unlike the situations in *Succar* and *Pipkins*, Ms. McGuffie presented evidence that she and Mr. Gregory were on amicable terms after they terminated their relationship. Particularly, there is evidence that Mr. Gregory chose to hire Ms. McGuffie to work with him at the Employment Guide after they had stopped dating. Therefore, there is a fact question about whether Ky Gregory's harassment was based on sex or personal animosity.

Trader also contends Mr. Gregory cut Ms. McGuffie's bonus because of her history of tardiness and absenteeism. However, there is conflicting evidence about Mr. Gregory's reasons for cutting Ms. McGuffie's bonuses, whether due to absenteeism, personal animosity or her gender. Therefore, this issue must go to a jury for resolution. *See generally, Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 76-82 (1998) (considering whether same-sex harassment constituted a Title VII claim, thus delving into what it meant to discriminate "because of . . . sex").

Trader also claims it is entitled to summary judgment because Ms. McGuffie cannot show the discrimination was sufficiently severe or pervasive to alter the terms or conditions of her employment or that there is a basis for holding the employer liable. *Mendoza*, 195 F.3 at 1246.

"When a plaintiff proves that a tangible employment action resulted from a refusal to submit to a supervisor's sexual demands, he or she establishes that the employment decision itself constitutes a change in the terms and conditions of employment that is actionable under Title VII." *Ellerth*, 524 U.S. at 753-754. Similarly, "when a supervisor engages in harassment which results in an adverse 'tangible employment action' against the employee, the employer is automatically held vicariously liable for the harassment." *Frederick*, 246 F.3d at 1311 (citing *Ellerth*, 524 U.S. at 763 & *Faragher*, 524 U.S. at 790).

> A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.
>
> When a supervisor makes a tangible employment decision, there is assurance the injury could not have been inflicted absent the agency relation. A

> tangible employment action in most cases inflicts direct economic harm.
>
> . . .
>
> Tangible employment actions fall within the special province of the supervisor.  The supervisor has been empowered by the company as a distinct class of agent to make economic decisions affecting other employees under his or her control.  Tangible employment actions are the means by which the supervisor brings the official power of the enterprise to bear on subordinates. . . . The decision in most cases is documented in official company records, and may be subject to review by higher level supervisors. . . .  The supervisor often must obtain the imprimatur of the enterprise and use its internal processes.

*Ellerth*, 524 U.S. at 761-62 (citations omitted).

Ms. McGuffie testified Mr. Gregory withheld her bonuses one week because she would not go back out with him.  Doc. 27, p. 17.  Cutting bonuses for one week is clearly a change in benefits, and may even be a *significant* change in benefits.  *See, Ellerth*, 524 U.S. at 761 (comparing the cases where a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, or significantly diminished material responsibilities might indicate

7

a significant change in benefits but a "bruised ego," a demotion without change in pay, duties, or prestige, and the reassignment to a more inconvenient job is not enough). In the classic sense of an adverse tangible action, the cutting of Ms. McGuffie's benefits inflicted economic harm on her. *See*, *Ellerth*, 524 U.S. at 762.

Mr. Gregory would not have had the power to cut Ms. McGuffie's bonuses were it not for his role as an agent for Trader Publishing. Mr. Gregory was given full discretion as to how employees would receive bonuses. [Gregory Affidavit, p. 2]. Although bonuses were not documented in such a way the Trader could review Mr. Gregory's activities, such documentation is not required for a tangible employment action. *See*, *Ellerth*, 524 U.S. at 762 (pointing out that documentation subject to review is present in *most cases*). At the very least, Trader sanctioned Mr. Gregory's actions by granting him the full authority to give employees bonuses at his discretion. This evidence, if believed by the jury, establishes the necessary link for employer liability.[1]

---

[1] Ms. McGuffie alleges facts sufficient to support a tangible employment action; therefore, it is irrelevant whether Trader can meet the *Faragher/Ellerth* affirmative defense. *See*, *Frederick*, 246 F.3d at 1311 (citing *Ellerth*, 524 U.S. at 763 & *Faragher*,

Because Ms. McGuffie can show she suffered a tangible employment action, she can establish that the employment decision itself constituted a change in the terms and conditions of employment that is actionable under Title VII and that Trader may be automatically held vicariously liable for Mr. Gregory's harassment. *See, Frederick*, 246 F.3d at 1311.

III. Conclusion.

For the foregoing reasons, summary judgment is due to be denied. A separate order will be entered.

Done, this 28 of April, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

---

524 U.S. at 790); *Green v. Admin's. of Tulane Ed. Fund*, 284 F.3d 642, 655 (5th Cir. 2002) (refusing to consider the validity of the *Faragher/Ellerth* defense once the employee showed her supervisor's activity constituted a tangible employment action).